IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
|     Petitioner, ) | |
| v. ) | No. 3:18-CV-2825-L-BH |
| ) | |
| WILLIAM TYRONE WILLIS, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On October 23, 2018, William Tyrone Willis (Respondent) filed a *Notice of Removal to the United States District Court* and *Notice of Petition; and, Verified Petition for Warrant of Removal*. (doc. 3 at 1, 4.) The filing purported to remove a state court case, but it failed to clearly identify the case and did not indicate whether it was pending before the state court. (*Id.*) Respondent also failed to provide a copy of the underlying complaint. The filing states that the petitioner's underlying state action against Respondent originated on September 14, 1992. (*See id.* at 7-8.)[2]

By two separate orders dated October 25, 2018, Respondent was notified that the notices did not comply with the requirements of 28 U.S.C. § 1446 and Local Civil Rule 81.1, and that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for this removed case. (*See* docs. 4, 5.) He was advised that he must file a compliant amended notice of removal and either pay the filing fee or file his IFP application within seven days, and that a failure

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2] Because it references alleged violations of Respondent's constitutional rights, the filing could be liberally construed as a civil rights complaint under 42 U.S.C. § 1983. (*See id.* at 4-5, 10-11.)

to do so could result in the remand of the case. (*Id.*)  More than thirty days from the date of the orders have passed, but Respondent has not filed his amended notice of removal and paid the filing fee or filed an IFP application, or filed anything else in the case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Respondent failed to comply with the orders dated October 25, 2018, that he file a compliant amended notice of removal and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in remand of the case. (*See* docs. 4, 5.)  Because Respondent failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SO RECOMMENDED** on this 23rd day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                   IRMA CARRILLO RAMIREZ
                                                       UNITED STATES MAGISTRATE JUDGE