**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2825-L** |
| | § | |
| **WILLIAM TYRONE WILLIS,** | § | |
| | § | |
| **Respondent.**[1] | § | |

## <u>ORDER</u>

On April 23, 2020, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6), recommending that the court dismiss without prejudice this removed action by pro se Respondent William Tyrone Willis ("Respondent") under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders. Specifically, she recommended dismissal, as Respondent had not filed an amended notice of removal, or paid the required $400 filing fee or filed a motion to proceed *in forma pauperis* ("IFP") as ordered. *See* Docs. 4 & 5. No objections to the Report were filed.

The court agrees that this action should be dismissed without prejudice but for a different reason than that stated by the Magistrate Judge. Magistrate Judge Ramirez notes that Respondent's "filing purported to remove a state court case, but it failed to clearly identify the case and did not indicate whether it was pending before the state court." Report 6. One of the Magistrate Judge's

---

[1] In William Tyrone Willis's Notice of Removal (Doc. 3), he refers to himself as "Defendant," which the docket sheet also reflects, but in his attached "Notice of Petition; and, Verified Petition for Warrant of Removal," he refers to himself as "Petitioner." The Report, however, refers to him as Respondent. The court notes that Mr. Willis is the one seeking relief, and while the action was removed in his role as a defendant, his request for relief puts him in the position of a plaintiff or petitioner. As the Report refers to Mr. Willis as Respondent, however, the court will do the same to avoid confusion.

**Order – Page 1**

previous orders notes that Respondent seeks removal of his state court action under 28 U.S.C. § 1443,[2] but that his notice failed to comply with the requirements of 28 U.S.C. § 1446. Doc. 4. Accordingly, she directed Respondent to file a compliant amended notice of removal. *Id.* Respondent, however, did not comply with this order. Because Respondent did not file an amended notice of removal setting forth the basis for this court's jurisdiction, this court is unable to determine whether it has authority to entertain this action.

When the court cannot ascertain whether it has jurisdiction over a removed action, the proper procedure is to remand the action to the state court from which it was removed. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Respondent, however, does not clearly explain from which court this action was removed. Accordingly, the court cannot remand this action and, instead, in the interest of judicial economy, **dismisses without prejudice** this action for lack of subject matter jurisdiction.

Even if the court liberally construes Respondent's Petition (Doc. 30) as a civil rights complaint under 42 U.S.C. § 1983, which would establish subject matter jurisdiction, he also failed to comply with Magistrate Judge Ramirez's order to pay the required $400 filing fee or file a

---

[2] 28 U.S.C. § 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

**(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

**(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

motion to proceed IFP. *See* Doc. 5.  The court, therefore, determines that this action is dismissible without prejudice for failure to comply with a court order or failure to prosecute under Rule 41(b).[3]

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them, as supplemented, as those of the court.  As the court discussed, it **dismisses without prejudice** this action for lack of subject matter jurisdiction.  Alternatively, this action is also **dismissed without prejudice** for failure to comply with a court order under Rule 41(b).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Respondent may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of May, 2020.

Sam A. Lindsay
United States District Judge

---

[3] Rule 41(b) allows a court to dismiss an action for a plaintiff's failure to prosecute or comply with a court order.  As the court previously noted, Respondent is the one seeking relief despite his characterization as a respondent.  The court, therefore, determines that Rule 41(b) is an alternative basis for dismissal, assuming that it has jurisdiction to entertain this action.